BKS-10-22461-BAM

Jones, Dennis B, PRO SE
8665 W. Flamingo Road
Suite #131-417
Las Vegas, NV  89147

RECEIVED
AND FILED

Sep 14  12 59 PM '10

U.S. BAN̈~~~~
HȮȮ~~~~

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

In re:                                    ) Case No.: BKS-10-22461-BAM
Jones Dennis B, PRO SE,                   ) CHAPTER 13
            Debtor.                       )
                                          ) Hearing Date: September 16, 2010
                                          )
                                          ) Hearing Time: 1:30 PM

---

**DEBTOR'S ANSWERS TO TRUSTEE'S OPPOSITION TO CONFIRMATION OF PLAN #1 COMBINED WITH TRUSTEE'S RECOMMENDATION FOR DISMISSAL AND DEBTORS MOTION FOR CONFIRMATION OF PLAN**

**Debtor objects to this Motion for the following reasons.**

The Trustee objects to the confirmation of the Chapter 13 Plan for the following reason(s):

1.  Debtor failed to appear.  ANSWER:  Debtor sent MOTION for CONTINUANCE to the court that a CONTINUANCE was needed with detailed explanations as to the valid reasons the request.  This Exparte Motion was filed with the court, along with the Answers to trustee's motion for additional information on Debtor's financials listed on the Plan.  The evidence was provided from each entity and was filed with the court prior to the Date of the Meeting. Therefore, this failure to appear was duly noted and a request for Continuance was filed, making the appearance a moot point for that date based on valid data supplied to the court.

BKS-10-22461-BAM

1  2.   Debtor failed to commence plan payments.   ANSWER:   All post petition
   payments were made directly to the creditors by FBN Financial who sent the
2  Trustee the payment notices and transaction numbers.   As explained in the
   Plan and in the documents submitted to the court, the past due payments would
3  be made at the closing of the sale of the property.   Furthermore, a Trustee
4  update will be sent to the Trustee each month showing payments made to
   creditors,   along   with   the   projected   payment   for   the   current   month.
5  Therefore, this is an unfortunate error on the part of the Trustee presented
6  to the Court and should be set aside.

7  **SIDEBAR:**      Attorney firm Pite Duncan submitted inaccurate data to the
8  Trustee stating their client American Home Mortgage had not received post
   petition payments, but this was an error on the part of the attorney.   FBN
9  Financial contacted the attorney directly, with Debtor authorization and
10 provided the copy of the check sent to Creditor and the letter showing it had
   been returned because the Creditor failed to note the account with the
11 Bankruptcy information even though Debtor provided it on July 16th and it was
12 provided by the court as well.   This corrected information was sent to the
   attorney Ace Van Patten showing the payment has been received by the client
13 so he could review it with the Client.   He was also updated on the sale of
14 the property for which his client had never mentioned to him.   His client had
   received two letters, one dated July 6th, providing the bankruptcy filing and
15 a second letter on July 16th providing the PLAN and showing that the Creditor
16 would be paid in full.   This misrepresentation of facts was to have been
   cleared up by Ace Van Patten and the Trustee and this misinformation STRICKEN
17 from the case.

18
19 3.   Failure to conclude 341 Meeting of Creditors.   ANSWER:   The request to
   continue this meeting was submitted to the court with sufficient and valid
20 reasons to continue the meeting.   Therefore, this is an error on the part of
   the trustee presented to the Court and should be set aside.
21

22 4.   Failure to cooperate with the Trustee as the following were not provided.
   ANSWER:
23
       a.   Original signatures on B21 and or EFC.   See attached for original
24 signature.   This form was submitted previously with the list of items needed
   to complete the case file.   Trustee is again mistaken and this should be set
25 aside.

BKS-10-22461-BAM

b.   Tax returns for 2006-2009 not provided.   Debtor submitted the letters from the IRS showing the IRS had not been able to provide the information requested and that an additional time was needed by the IRS to do so.   Therefore, Debtor asked for CONTINUATION to allow more time to comply with the IRS timeline needed.   Letters were submitted to the court explaining the situation.   Therefore, the Trustee is again mistaken and this should be set aside.

c. Debtor failed to provide copy of most recent tax return.   As stated above the extension to file through August 15, 2010, had been filed to allow the IRS time to supply documents needed to file the return.   An extension to file by October 15, 2010 has been accepted to allow the IRS time to complete research and submit documents requested for the accurate filing of the requested tax return. This was also so noted in the documents filed before the court explaining the need to CONTINUE the scheduled Creditor's meeting to allow time for this to be completed.   Debtor has no control over time it takes the IRS to do the research and expects the court to understand this and act accordingly.   Trustee is again mistaken and this should be set aside.

d.   Paystubs for Jan. to July.  There are no paystubs from Jan. to June. First paycheck stub was submitted to the court for July.   Letter from employer was also submitted to Trustee for verification of employment. Trustee is mistaken and this should be set aside.

e.   Bank Statements:  Debtor has no bank account because during the time of unemployment, an auto payment went through the account and overdrew it. Because Debtor didn't notice this overdraft and the account remained overdrawn to the point it that the bank closed out the account and turned it over to Chex Systems and now Debtor can not have a bank account.   Therefore, FBN Financial pays all bills for Debtor.  This payment plan showing July and August payments was submitted to the court by FBN and included in the ANSWERS to the request for information on financials of Debtor.   Trustee is again mistaken and this should be set aside.


Therefore, since Trustee is mistaken on all counts, and appears NOT to have reviewed any of the documents filed and presented to the Court by Debtor on this case and by setting aside all Trustee errors, this leaves no objection standing.   **THEREFORE, Debtor requests the Motions to Dismiss the case should be DENIED and STRICKEN from the Record.** Furthermore, the Trustee should be encouraged to review the documents submitted and become familiar with the case.

BKS-10-22461-BAM

As for the Plan not being confirmed, that is simply ridiculous.  ANSWER The Plan states all Creditors will be paid 100% of what is owed to them. There is nothing better than that! In addition, the Plan states all post petition payments will be made directly to the Creditors.  All past due payments will be paid at the time of the sale of the property.

The PLAN is quite simple and easy to understand.  On the form, it clearly states "Debtor is allowed to suggest any plan for consideration" and this has been done.    This plan is sound, viable, and already in place. Creditors are aware of the Plan as of the letters sent to them on or about July 16, 2010, explaining their part of the plan to them. All Creditors have received their post petition payments.  Escrows are open for the sales of the property and are waiting to submit Motions requesting the Court allow the sales of the property, which will pay the Creditors in full.  Creditors are also obligated under President Obama's Stop Foreclosure Plans to accept reasonable plans and work with the Borrowers to end the foreclose debacle. This Plan puts all of this in order and is what Debtor has provided.   Debtor is entitled to pay Debts in full to Creditors and seeks the courts' protection to do this under the Protection of the Plan and fulfill Debtor's obligations.

Because all debtors post petition payments were made as stated in the Plan and the information submitted to the Trustee; and all past due payments to Creditors will be paid at the sale of the property and none are due at this time, and all other matters that are causing the objection were errors on the part of the Trustee, Debtor requests the Court review the Answers to the Trustee Exparte Motion and the Exparte Motion to Trustee for Continuance of meeting and review the documents submitted and withdraw this Opposition to the PLAN.

Furthermore, let the record show that it is the mission of this court and trustee to work to the successful resolution of this case for all parties involved, according to the website.   This has not been done on the part of the Trustee.   It is as if this form letter was sent out and Trustee didn't even bother to read the Answers to Exparte Motion and exhibits or review the Motion for Continuance and Exhibits.  These two sets of documents were filed prior to the hearing date and explained in detail everything that is mentioned above.  Therefore, had the trustee read the documents, there would

BKS-10-22461-BAM

1   not have been a need for this Trustee Opposition to the Plan and Request for
    Dismissal.

2

3       Finally, Motions to Allow the Sale of the Real Estate Property will be
    submitted in early September, along with the title company estimated closing

4   statements showing the proceeds and how they would be distributed and
    requesting court approval of the sale.  In addition, the Motion to allow the

5   transfer of Equity in the Vehicle XLR will be submitted for Court approval.

6   Once these motions are so ordered, this case will be quite easy for the
    Trustee since all that is needed is to review the monthly payment records for

7   all post petition payments and wait for the sales to conclude.  The trustee

8   fees for all past due amounts will be paid through the title company at close
    of sale, based on the Trustee percentage due for the past due amounts.

9   Current payments are not going through the Court, but are being paid directly

10  to the lenders, so no Trustee fee is due on current payments.

11

12      THEREFORE, the Debtor Moves for DENIAL of and to Strike from the Record
    the Trustee Opposition to Confirmation of Plan #1 combined with Trustee's

13  Recommendation for Dismissal.  Debtor requests the Plan be accepted as
    written and the case move forward as the Plan suggests.  As soon as the IRS

14  submits the documents needed, the tax returns will be completed and submitted

15  to the Court.

16      Until that time, it is requested that the Continuance be placed on the
    Calendar and the Case be scheduled for October 28th to allow time for all tax

17  returns to be completed and submitted to the Court 7 days prior to the

18  Meeting.  All tax returns can be completed by October 15th.

19

20      Because the post petition payments will continue to be made and the
    Creditors are being paid in full through this Chapter 13, there should be no

21  objection to the new meeting date.  Therefore, Debtor requests new meeting
    date and time be provided according to the request submitted previously.

22

23

24

25

BKS-10-22461-BAM

Dated this 6th day of SEPTEMBER, 2010

Jones, Dennis, B PRO SE
8665 W. Flamingo Road
#131-417
Las Vegas, NV  89147

# FBN Property Services

September 6, 2010

Dear Trustee Rick A. Yarnall:

Reference Case # 10-22461-bam      Monthly Update on Case

Changes in creditors:

1. GMAC car loan company is now called ALLY for both vehicles.

2. GMAC Home Loan on 907 Pebble was moved to FATCO on 8.31.

3. IRS sent information for 3 of the tax years requested, so only one year remains open. The extension to file was extended to October 15, 2010. Therefore, all tax returns requested will be available on or about October 15, 2010 date. The meeting could be scheduled for 7 or more day after this date and that will allow everything to be received and provided to the court. October 28th is suggested.

4. Post petition payments were made and the following had issues.

a. American Home Mortgage (AHMSI) returned the July payment for the address of 3309 San Andres in Mission, Texas stating they didn't know of the bankruptcy filing and showed it in active foreclosure. However, a letter was sent to Creditor on July 6th letting them know of this case information. Then on the 16th a second letter with the plan was sent to them and of course, the court sent the information, but they said they knew nothing of this case. The July post petition payment was sent again with the request that no fees are incurred due to it being their error.

b. American Home Mortgage (AHMSI) posted to the wrong month, the July payment for the address of 3965 Belhaven in Las Vegas, Nevada stating they didn't know of the bankruptcy filing. However, a letter was sent on July 6th letting them know of this case information, then on the 16th a second letter with the plan was sent to them and of course, the court sent the information, but they said they knew nothing of this case. FBN requested that they post properly the payment without any additional fees.

808 S. Shary Road Suite #5 Box 278
Tel. 956-720-0269 Fax: 1-888-764-4331
Email: FBNFinancial@gmail.com

# FBN Property Services

c. Attorney for American Home Mortgage (AHMSI) Ace Van Patten with the firm Pite Duncan sent a letter to you regarding his client not getting any payments for July and August, but his client had failed to provide him the aforementioned information, as well as to notify him of sales in escrow for 3309 San Andres with full payment for his client. We spoke to him with authorization from Debtor and he was to get with his client and get this sorted out.

5.  Additional income for Debtor added for September 2010.
FBN has arranged for a temporary lease at the address of 3965 Belhaven Street, Las Vegas, Nevada to provide the Debtor with additional income to cover upcoming annual expenses.  The family is waiting for their new home to be built and needed an interim place to stay.  This arrangement will continue through February 15, 2011.

Since the Debtor travels constantly for a living, the family will move into the upstairs 3 bedroom and 1 bath.  They will pay the utility bills as follows:  Nevada Power, Southwest Gas, Las Vegas Water, and their own internet service.  The utility bills will be put into their name and they will pay them directly to the companies.  This will free up funds from Debtor to pay for annual eye exam and glasses if needed, annual medical exam, blood work, and any prescriptions required.  This will also allow for some miscellaneous funds to be available for other allowable expenses that are not currently available.
The Debtor will remain in the Master bedroom and private bathroom downstairs.  This also allows the home to be occupied all the time, even when Debtor is at work out of town.  This protects the asset.

6. Your motions to dismiss and not accept the Plan are puzzling to us. Did you read the Motion for Continuance of Meeting and Answers to your request for financial information filed last month?  These explained the items in this current Motion to Dismiss document.  When documents like this are filed by the Trustee, they cause undue actions by Creditor's attorney firms, which drive up the cost of the attorney fees.  This plan pays off everything and we do this all the time for Debtors so we would appreciate it if you would get on board with this Plan or remove yourself from the case.   If you can not work with a Pro Se Debtor so be it, but don't interfere with the completion of the Plan. What could be better than to pay all creditors so the Debtor can get on with life?  Nothing!  Please cooperate with us in this Plan to repay all.

808 S. Shary Road Suite #5 Box 278
Tel. 956-720-0269 Fax: 1-888-764-4331
Email: FBNFinancial@gmail.com

# FBN Property Services

Sincerely,

Amanda Simons